IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| McJunkins Development LLC, et al., | ) | CASE NO.  1:13 CV 1251 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| JP Morgan Chase Bank, National Association, | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

This matter is before the Court on the Plaintiffs' Motion to Remand (ECF #8).  For the reasons that follow, Plaintiffs' Motion to Remand is granted.

**Factual and Procedural History**

Defendant JPMorgan Chase Bank ("JP Morgan") removed this action to this Court on June 5, 2013. In its Notice of Removal Defendant asserts that it removed this action from the Court of Common Pleas for Cuyahoga County, Ohio pursuant to 28 U.S.C. §§ 1441 and 1453 on the grounds that federal diversity jurisdiction exists under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d)(2).  Plaintiff McJunkins Development LLC ("McJunkins") filed this class action lawsuit on March 14, 2013, on behalf of  all real property owners since January 1, 2000, who took possession of property after [Defendant] initiated the foreclosure action with ownership of the mortgage and note.  (ECF #1, Ex. B, Doc. 1 at 14) Plaintiff's lawsuit followed the Ohio Supreme Court's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13 (2012) which found that the failure of an "assignee" or note holder to secure an interest in the note and mortgage before filing a complaint causes the foreclosure plaintiff to lack standing and renders any foreclosure judgment null and void. The Complaint alleges that these

"null and void" judgments have created a host of problems. "The wrongly foreclosed homeowners have claims derived from unlawful loss of their property. The subsequent purchasers of the foreclosed property have claims derived from the cloud on the title that the wrongful foreclosures created."(ECF 31, Ex. B Doc. 1 at 2-3)

McJunkins filed an Amended Complaint on May 6, 2013, adding Samantha Newman as a class representative. The Amended Complaint is an action against Defendant on behalf of all owners of Ohio real property who, since January 1, 2000: a) "took possession of property" or b) "lost possession of property after Defendant initiated a foreclosure action without standing." (ECF #1 at ¶7, citing Am. Comp. ¶¶66,67) Defendant asserts that the action became removable on May 6, 2013, upon the filing of the Amended Complaint because the addition of the Borrower Subgroup removed the action from CAFA's Local Controversy Exception. Under the Local Controversy Exception, a case is not removable unless, among other things, "during the three year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." See 28 U.S.C. § 1332(d)(4). Defendant asserts that it has been sued in the last three years for class action relief involving the same or similar claims as those asserted by the Borrower Subgroup in the Amended Complaint.

Plaintiffs now move to remand this action to State court, arguing that the removal was untimely, that Defendant fails to meet its burden to establish the elements of federal jurisdiction, and that the Local Controversy Exception to CAFA mandates against federal jurisdiction.[1]

---

[1] Plaintiff also argues that judicial comity further supports remand in that this action it exclusively involves Ohio property, Ohio foreclosure proceedings, Ohio law and an Ohio Defendant.

2

Plaintiffs further request pursuant to 28 U.S.C. § 1447(c) that the Court award Plaintiffs their fees and costs incurred as a result of removal. Defendant has filed a brief in opposition to Plaintiffs' Motion to Remand along with affidavits in support. Plaintiffs have filed a reply brief in support. The Motion is now ready for decision.

## Discussion

CAFA gives federal courts diversity jurisdiction over putative class actions where at least one defendant is diverse from at least one plaintiff ("minimal diversity"), the putative class consists of over 100 members, and the amount-in-controversy with respect to the entire putative class exceeds $5 million. 28 U.S.C. § 1332(d)(2). CAFA also creates an exception to the "one year rule" of 28 U.S.C. § 1446(b), and permits removal in a diversity action even if it occurs more than one year after the complaint was filed. 28 U.S.C. § 1453(b); *Smith v. Nationwide Prop. & Cas. Ins.*, 505 F.3d 401, 406–07 (6th Cir.2007). While CAFA allows removal during the pendency of the state court litigation, the defendant must initiate removal within thirty days of the case becoming removable. *Id*. at 407. Furthermore, CAFA, effective in 2005, does not apply retroactively—removal is only proper if amendments to the existing class action create a "new" cause of action post-dating CAFA. *See Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 571, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). The removing defendant has the burden of establishing all jurisdictional prerequisites by a preponderance of the evidence. *Smith*, 505 F.3d at 404; *Miller v. Volkswagen of America, Inc*., 889 F.Supp.2d 980, 983-84 (N.D. Ohio, 2012). *Morgan v. Gay*, 471 F.3d 469, 473 (3d Cir.2006) (CAFA does not shift the burden to the plaintiffs in removal cases) Moreover, "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Jacada, Ltd. v. Int'l Mktg. Strategies, Inc.*, 401 F.3d 701, 704 (6th Cir.2005)

(quotations and cites omitted.)

Plaintiffs assert that the Amended Complaint did not create a "new action" sufficient to trigger a renewed opportunity to remove under CAFA. Plaintiffs state that the Amended Complaint mirrors the factual allegations and claims of the March 14, 2013 Complaint. Both complaints are based upon the Ohio Supreme Court's 2012 *Scwartzwald* decision. The Amended Complaint simply adds Samantha Newman as a Plaintiff and class representative to represent the class of property owners victimized by Defendant's practice of initiating foreclosures without proper standing. While the "borrower's class" as Defendant refers to them were not part of the original complaint, that complaint clearly noted that both the "borrower's" and the subsequent purchasers of Ohio real property were victimized by the same conduct undertaken by Defendant. In *Miller v. Volkswagen of America, Inc*., 889 F.Supp.2d 980, 983-84 (N.D. Ohio, 2012), Judge Zouhary noted

> While the Sixth Circuit has not decided whether an amendment to a class definition commences a "new action" for CAFA purposes, the Seventh Circuit in *Schorsch v. Hewlett–Packard Co.*, is persuasive on this point. 417 F.3d 748, 749 (7th Cir.2005). In *Schorsch*, the court held "amendments to class definitions do not commence new suits." Id. at 751. The court drew a distinction between amendments that "kick off wholly distinct claims," and those tantamount to a "workday change"—that is, those that do not alter the substance of the original allegations in any way. Id. *Schorsch* was reinforced in a subsequent Seventh Circuit opinion emphasizing "the expansion of a proposed class does not change the parties to the litigation nor does it add new claims." *Schillinger v. Union Pacific R. Co.*, 425 F.3d 330, 334 (7th Cir.2005); *see also Powers v. Hamilton County Public Defender Com'n*, 501 F.3d 592, 619 (6th Cir.2007) ("[D]istrict courts have broad discretion to modify class definitions.").

*Miller* at 984. Miller involved a class action of vehicle purchasers alleging breach of warranties in relation to alleged design defects of a front bumper assembly. The original class covered

vehicle years 1999-2002. Five years after the start of the state court litigation, the plaintiffs amended the complaint to add another vehicle year to the certified class and add causes of action for violations of the Ohio Consumer Sales Practices Act ("OCSPA") and for fraud by concealment on behalf of the already certified class. Defendant removed the action under CAFA asserting that the amendments constituted a new action triggering a 30 day window to remove. The Court determined that the addition of the 2003 model year to plaintiff's breach of warranty claims of the existing class did not create a new cause of action because the amendment did not alter the substance of the original allegations against the Defendant, did not change the theory of liability, and does not expand allegations to reach new and unrelated misconduct. *Id.* at 984. In the instant action, the allegations pertaining to the "borrower" class do not reach "new and unrelated misconduct." The same conduct by Defendant is alleged to have caused injury to the new class. Further, Defendant was on notice based upon the allegations in the original complaint that the same conduct that impacted the original class would similarly impact a borrower class. As such, Defendant is not prejudiced by the addition of a "borrower" plaintiff.

Moreover, the addition of new causes of action do not create a new cause of action for purposes of removal under CAFA if they relate back to the original complaint. *Miller,* 889 F. Supp.2d at 985 ( "The addition of new claims for relief commences a "new action" under CAFA only when those claims do not relate back to the original pleading.")(Citations omitted). The Court must determine under the applicable state law whether the plaintiffs' new claims relate back to the original pleading. Ohio Rule 15(C), the applicable relation back rule in this case, provides in relevant part:

> Whenever the claim or defense asserted in the amended pleading
> ar[ises] out of the conduct, transaction, or occurrence set forth or

5

> attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

All of the claims at issue in this action, both for the "purchaser" and "borrower" class derive from Defendant's alleged conduct in filing foreclosure actions without proper standing resulting in void foreclosure judgments. The new class just adds people who were injured by the same conduct that allegedly injured the initial class. Thus, under Rule 15, the claims of the "borrower" class would relate back to the original complaint and not constitute a trigger for removal under CAFA. Accordingly, the filing of the Amended Complaint in this action did not trigger a 30 day removal period under CAFA, thus the removal in this instance was untimely and Plaintiffs' Motion to Remand will be granted.[2]

Plaintiffs seek an award of fees and expenses incurred in pursuing this remand motion. While Section 1447(c) provides that an order remanding a removed case to state court may require payment of attorney fees incurred as a result of the removal, it does not require a grant of attorney fees on remand as a matter of course. See 28 U.S.C.A. § 1447(c). The Supreme Court determined that "the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). Based upon the filings in this action,

---

[2] In addition, even if the removal was timely, the Court finds persuasive Plaintiffs' argument that Defendant failed to prove by a preponderance of the evidence that it met the necessary jurisdictional requirements of CAFA. Specifically, Defendant has not shown that any potential members of either class has citizenship that is diverse from Defendant. As such, removal would be improper for that reason.

the Court finds that Defendant did not act unreasonably in removing the action and that it had an objectively reasonable basis for seeking removal.  As such, Plaintiffs' request for fees and costs are denied.

### Conclusion

For the reasons set forth above, Plaintiffs' Motion to Remand (ECF #8) is granted. The Clerk of Court is instructed to remand this action to the Court of Common Pleas for Cuyahoga County, Ohio.  IT IS SO ORDERED.


                                                  __/s/Donald C. Nugent_____
                                                  Donald C. Nugent
                                                  United States District Judge

DATED:__August 21, 2013_____